UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAWDA CEESAY, ) | CASE NO. C07-1722-RSL |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | REPORT AND RECOMMENDATION |
| ) | |
| MICHAEL CHERTOFF, et al., ) | |
| ) | |
| Respondents. ) | |
| _____ ) | |

Petitioner Dawda Ceesay is a native and citizen of Gambia. On October 24, 2007, petitioner, proceeding through counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his detention by the U.S. Immigration and Customs Enforcement ("ICE"). (Dkt. #2). At the same time, petitioner filed a Motion for Temporary Restraining Order ("TRO"). (Dkt. #2). The habeas petition and the motion for TRO sought the same relief – release from detention.

The Court determined that petitioner had not demonstrated, as required by Rule 65(b), that he would suffer immediate and irreparable injury, loss, or damage before respondents could be heard in opposition. Accordingly, the Court construed petitioner's motion for TRO as one for

REPORT AND RECOMMENDATION
PAGE -1

preliminary injunction, and directed respondents to file a response. (Dkt. #4). Respondents have filed an Opposition to Petitioner's Motion for Preliminary Injunctive Relief, Dkt. #9, and a Return Memorandum and Motion to Dismiss petitioner's habeas petition, Dkt. #14.

On December 28, 2007, petitioner filed a Notice to Court That Petitioner Has Been Released From Custody, indicating that the Immigration Judge granted him release from ICE custody on $5,000 bond, and that this habeas corpus proceeding has become moot and may be dismissed. (Dkt. #15).

For a federal court to have jurisdiction, "an actual controversy must exist at all stages of the litigation." *Biodiversity Legal Foundation v. Badgley*, 309 F.3d 1166, 1173 (9th Cir. 2002). "When a controversy no longer exists, the case is moot." *Id*. Because the Immigration Judge granted petitioner relief and he is no longer detained, the Court finds that petitioner's habeas petition should be dismissed as moot. *See, e.g., Cooney v. Edwards*, 971 F.2d 345, 346 (9th Cir. 1992) (holding that the District Court properly dismissed plaintiff's claims that had become either moot or unripe). Accordingly, I recommend that this matter be dismissed without prejudice. A proposed Order accompanies this Report and Recommendation.

DATED this 7th day of January, 2008.

/s/ Mary Alice Theiler
Mary Alice Theiler
United States Magistrate Judge